UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BIANCA PARMS, | ) | CASE NO. 5:22-cv-2095 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MORGAN TRUCK BODY, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Morgan Truck Body, LLC ("Morgan" or "defendant") for judgment on the pleadings as to counts I and II of the first amended complaint. (Doc. No. 12.) Plaintiff Bianca Parms ("Parms" or "plaintiff") filed a brief in opposition. (Doc. No. 18.) Morgan filed a reply. (Doc. No. 19.) For the reasons set forth herein, the motion is denied.

**I.     Procedural Background**

On November 18, 2022, Parms filed an eleven-count complaint (Doc. No. 1) asserting federal and state claims of discrimination based on gender and pregnancy (counts I and II), race (counts III and IV), age (counts V and VI), and disability (counts VII and VIII); claims of retaliation (counts IX and X); and a claim of unlawful interference with Family and Medical Leave Act rights (count XI).[1]

On January 20, 2023, Morgan filed its answer, along with a partial motion to strike and for judgment on the pleadings. (Doc. Nos. 6 and 7, respectively.) Since there was no claim of sexual

---

[1] Parms' right to sue letter attached to her original complaint was issued on August 22, 2022. (*See* Doc. No. 1-1.) There is no dispute that she timely filed her complaint within the 90 days allowed.

harassment in the complaint, the motion first sought to strike as irrelevant and impertinent under Fed. R. Civ. P. 12(f) all allegations of sexual harassment leveled against one Wallace Davis. The motion also sought to dismiss the retaliation claims (counts IX and X) because, *inter alia*, no such claims were included in Parms' EEOC charge (and were thus unexhausted), as well as the FMLA interference claim (count XI) because Parms had previously been advised that she was not (and could not be) an "eligible employee" under the FMLA.

In response to Morgan's motion, on February 3, 2023, Parms filed her first amended complaint (the currently operative complaint) ("FAC"). (Doc. No. 11.) The FAC eliminates the original counts IX, X, and XI, but adds counts I and II—federal and state claims for sexual harassment.

Morgan's instant motion for judgment on the pleadings seeks to dismiss counts I and II, arguing that the EEOC charge contained no claim of sexual harassment.

Parms alleged that she was a former employee of Morgan (from September 29, 2020 through July 26, 2021) and that she had worked as a quality control lead. For purposes of the instant motion, the particular *factual* allegations in the FAC are not particularly relevant since Morgan's argument focuses on asserted procedural flaws relating to counts I and II. That said, although disputing many of Parms' factual allegations, Morgan concedes they must be taken as true for purposes of its motion. (Doc. No. 12-1, at 2 n.1.)[2]

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## II. Standard of Review

Motions for judgment on the pleadings are governed by Fed. R. Civ. P. 12(c). Under Rule 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed but early enough not to delay trial. The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555 (citing authorities).

"'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

In ruling on a Rule 12(c) motion, the court considers all available pleadings. *See* Fed. R. Civ. P. 12(c). "The court can also consider: (1) any documents attached to, incorporated by, or

3

referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citations omitted).

### III. Discussion

Morgan argues that counts I and II of the FAC should be dismissed because Parms failed to exhaust her administrative remedies as to any claim of sexual harassment and, therefore, fails to state a claim of sexual harassment as a matter of law. (Doc. No. 12-1, at 4–9.)

When Parms filed her EEOC charge, she checked as the bases for her discrimination claims: race, sex, age, disability, and other (FMLA). (Doc. No. 18-2 (Charge of Discrimination), at 1.) Morgan points out that, in the box for "the particulars," Parms stated in relevant part:

> I worked for Morgan Truck Body, LLC "Respondent" as a quality control lead from September 29, 2020 until respondent terminated my employment on or about July 26, 2021. I believe my employment was terminated due to my gender (female), pregnancy, age, race, FMLA (Family Medical Leave Act) leave and my disability or any perceived disability. Please see attached Notice of Claims, which was sent to respondent for further information on the facts of my situation. . . .

(Doc. No. 12-1, at 5 (quoting Doc. No. 18-2, at 1).) Morgan claims that Parms' EEOC charge "is insufficient to create an inference that she was including a claim of hostile work environment and/or sexual harassment[.]" (Doc. No. 12-1, at 7–8 (citing cases).)

In opposition, Parms argues that she "pled all of the prima facie elements of her sexual harassment claim in her [FAC]." (Doc. No. 18, at 2 and n.11 (citing Doc. No. 11 ¶¶ 315–332).) She further argues that Morgan "was aware of, and responded to these same claims in their [sic]

4

response to [her] Charge." (*Id*. at 1 and n.4 (citing Morgan's Position Statement (Doc. No. 18-3, at 6)).) In that position statement before the EEOC, Morgan stated in relevant part as follows:

> Ms. Parms claims to have begun to experience harassment in October 2020, yet there is no evidence of the same. Despite receiving training on Morgan's harassment policy and the requirement to report the same and daily interaction with members of the HR team, Ms. Parms did not report any of the alleged conduct to Morgan including any complaint concerning an unnamed manager allegedly offering to buy her lunch and/or make her lunch at her home and/or any other alleged gender discrimination and/or harassment.

(Doc. No. 18-3, at 6.)

The basis for Morgan's argument is that Parms' allegations within the four corners of the EEOC form are insufficient to have preserved a sexual harassment claim, even if the "Notice of Claims" that was attached to the charge may have included a reference to such a claim. Despite the fact that both parties have relied upon the "Notice of Claims" referenced in the EEOC charge as a supporting document, no one has supplied a copy for this record. Morgan states that it was "a demand letter sent a month earlier on or about October 28, 2021, to Morgan" (Doc. No. 12-1, at 8); plaintiff does not deny that assertion. Morgan further claims that the notice was signed only by Parms' counsel (*see id.* at 5); plaintiff also does not deny that assertion.

Morgan argues that this "flaw" (*i.e.*, Parms' failure to "verify" by her signature the contents of the notice[3]) is fatal to considering the notice to be part of the EEOC charge. The Court rejects that position. The notice was indisputably submitted with the verified EEOC charge and was specifically referenced within the body of the verified charge. By implication, Parms' verification of the charge included verification of the attached notice. The notice's exact contents are unknown based on this record, but it appears to have contained something that triggered Morgan's response

---

[3] *See Williams v. CSX Transp. Co.*, 643 F.3d 502, 509 (6th Cir. 2011) (setting forth the requirements for an EEOC filing to constitute a "charge," including that it be verified, "that is, submitted under oath or penalty of perjury[]").

in its position statement regarding alleged sexual harassment. (*See, e.g.*, Doc. No. 18, at 4 ("Not only did [Parms'] Notice of Claims explain that Parms experienced harassment at Morgan Truck because of her gender, but the Notice of Claims specifically described [Parms'] charge of sexual harassment against a Morgan Truck supervisor.").)

"Generally, a plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge." *Woodling v. GeoBuild, LLC*, No. 22-3499, 2023 WL 335283, at *2 (6th Cir. Jan. 20, 2023) (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). "But omission of a formal allegation in the EEOC filing is not always a fatal mistake." *Id*. "If [an employer's] potential liability for [an alleged claim] could 'reasonably be expected to grow out of the EEOC charge,' then the district court [would] err[] by dismissing on this basis." *Id*. (quoting *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (further citation omitted)). "Put differently, if [a plaintiff] included some statement or reference in [her] EEOC filing that would have prompted the EEOC to investigate [her] uncharged . . . claim, then [she] was not precluded from suing [on that claim]." *Id*. (citations omitted). As noted by the Sixth Circuit in *Woodling*, this is a "low hurdle[.]" *Id*.

Based on the undisputed facts in this record, in light of this case law, the Court concludes that the "EEOC filing" of Parms, which explicitly included an attached notice of claims, contained sufficient reference to sexual harassment to prompt Morgan to mention it in its response to the charge and, therefore, would have prompted the EEOC to investigate that claim. At this juncture, this means that Parms administratively exhausted her claims of sexual harassment and, therefore, Parms withstands a motion for judgment on the pleadings.

IV.     **Conclusion**

For the reasons set forth herein, Morgan's motion for judgment on the pleadings as to counts I and II of the first amended complaint (Doc. No. 12) is denied. The case will proceed according to the dates and deadlines in the Case Management Plan and Trial Order. (Doc. No. 15.)

**IT IS SO ORDERED**.

Dated: June 1, 2023

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**